IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 28, 2009

**JERMEIL TARTER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sullivan County**
**No. C54,056   R. Jerry Beck, Judge**

**No. E2009-00078-CCA-R3-PC - Filed February 22, 2010**

JOSEPH M. TIPTON, P.J., dissenting.

I respectfully dissent.  I conclude that the case should be remanded for the appointment of counsel and for continuing with the post-conviction proceeding.

On August 23, 2007, the post-conviction court summarily dismissed the pro se petition by misinterpreting the Petitioner's list of Rule 11 issues as his factual allegations for his claim.  The court said nothing regarding the Petitioner's actual claims, although they were only conclusory.  In  response, the Petitioner filed a pro se motion to vacate the judgment, which included allegations of fact that if taken as true, could result in post-conviction relief.  I note that the motion was not verified upon oath as required for post-conviction factual allegations.  Such omission, though, is one of form and should not result in summary dismissal.  See Tenn. Sup. Ct. R. 28 § 6(B)(4)(b).

Because the motion was filed in the post-conviction court clerk's office on September 26, 2007, the post-conviction court considered the motion to be more than thirty days after the filing of the dismissal order, indicating its belief that the dismissal order was final and not subject to change.  The Petitioner, however, signed a "Declaration of Mailing" attached to his motion to vacate that reflects he placed the motion in the "internal mail system of the Northeast Correctional Complex" on September 20, 2007.  This means that the motion was deemed timely filed on that date.  See Tenn. Sup. Ct. R. 28 § 2(G).

The post-conviction court incorrectly relied on the Petitioner's list of Rule 11 issues as his factual allegations in the petition, improperly considered that the allegations in the motion to vacate were insufficient, and improperly concluded that the motion to vacate was untimely filed.  In other words, all bases upon which the post-conviction court relied to exercise its discretion in dismissing the Petitioner's pleadings were incorrect.  Under these circumstances, I believe the post-conviction court should have appointed counsel to assist

the Petitioner in amending the petition and the allegations of fact in the motion into the proper form with an appropriate verification upon oath.  I would reverse the dismissal of the petition and remand the case for further proceedings.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE